UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PRIME PROPERTY & CASUALTY
INSURANCE COMPANY,**

    Plaintiff,

v.                     Case No: 6:24-cv-1173-JSS-DCI

**BER MAC TRUCKING, LLC,
FLORIDA PROFESSIONAL
TRANSPORT, LLC, AGRIPINO
ROSARIO, and MARTIN AGOSTO,**
    Defendants.
_____

**ORDER**

  Prime Property & Casualty Insurance Company (Plaintiff) initiated this diversity action against Defendants Martin Agosto (Agosto); Agripino Rosario (Rosario); Ber Mac Trucking, LLC (Ber Mac); and Florida Professional Transport, LLC (Florida Professional) (collectively, the Defendants). Doc. 1. Plaintiff alleges that an automobile accident occurred between Defendants Agosto and Rosario and that Defendant Agosto has brought a claim against Defendants Ber Mac and Rosario. *Id*. at 3. Plaintiff asserts that it issued a commercial automobile policy to Defendant Ber Mac and Plaintiff is defending Defendants Ber Mac and Rosario in the underlying action. *Id*. at 4, 7. Plaintiff alleges that Defendant Rosario was not a scheduled driver under the insurance policy and "[t]his is an action for declaratory relief based on the failure of the insured to schedule a driver on the policy insurance who was subsequently in an accident that allegedly resulted in damages to Agosto." *Id*. at 1.

  Pending before the Court is Plaintiff's Motion for Default Judgment against the Defendants. Doc. 26 (the Motion). The Clerk entered defaults against Defendants (Docs. 15, 23, 25), and Plaintiff now seeks final default judgment pursuant to Federal Rule of Civil Procedure

55(b). Doc. 26. Notably, Plaintiff states, "Because [Plaintiff] seeks an entry of final judgment against all Defendants, there is no possibility of inconsistent liability between the [D]efendants." *Id*. at 6 n.2.

Subsequent events, however, have rendered that statement no longer accurate. Namely, the Court has recently granted Defendant Agosto's Motion to Set Aside Clerk's Default and vacated the default. Docs. 35, 38. As such, a defendant is now litigating the matter and "in cases involving more than one defendant, a judgment. . . should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants." *Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp.*, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011), *report and recommendation adopted by* 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)). As the court in *Nationwide* explained:

> [I]f the plaintiff prevails against the nondefaulting defendants, he is entitled to judgment against both the defaulting and nondefaulting defendants, but if the nondefaulting party prevails against the plaintiff, in most cases, that judgment will accrue to the benefit of the defaulting defendant, unless that defense is personal to that defendant.

*Id*. "The purpose behind not entering a default judgment against a defendant when a co-defendant has appeared is the prohibition against logically inconsistent judgments." *United States CFTC v. Montano*, 2019 WL 11648519, at *3 (M.D. Fla. July 15, 2019) (citing *Frow*, 82 U.S. at 554). "This district has followed *Frow* and has been sensitive to the risk of inconsistent judgments." *Nationwide*, 2011 WL 6752561 at *6 (collecting cases). The Eleventh Circuit has also stated that it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans v. Midwest Elecs. Imp.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (citation omitted).

Here, Plaintiff brings two counts for relief against all Defendants claiming no coverage under the insurance policy and a third count alleging no coverage against Defendants Florida Professional and Agosto. Doc. 1 at 7-9. As relief, Plaintiff requests that the Court declare that it does not have a duty to defend or indemnify Defendants Ber Mac, Florida Professional, or Rosario with respect to Defendant Agosto's underlying claim arising out of the automobile accident. Doc. 1 at 9.

As such, the Court finds that the rationale of *Frow* applies, and the Court should withhold addressing the merits of Plaintiff's request for default judgment. *See Nautilus Ins. Co. v. LB Ent., LLC*, 2024 WL 5090070, at *2 (M.D. Fla. Dec. 12, 2024) ("[C]ourts under similar circumstances have withheld addressing the merits of a motion for default judgment in a multi-defendant insurance declaratory judgment action when at least one defendant is defending against the claim.") (collecting cases).

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 26) is **DENIED without prejudice**; and
2. Plaintiff may renew the request, if appropriate, within **TWENTY-ONE (21) DAYS** of resolution of this matter against Defendant Agosto.

Ordered in Orlando, Florida on January 7, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE